# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

TOM WHITE
REG. #11438-078                                                                                          PETITIONER

VS.                                     2:06CV00127 WRW/JTR

LINDA SANDERS;
Warden, FCI Forrest City                                                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Background

On May 12, 2006, Petitioner, Tom White, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Docket entry #1.) Before addressing the merits of this habeas Petition, the Court will briefly review the procedural history of this case.

On September 6, 1991, Petitioner entered a *nolo contendre* plea, in Texas Judicial District Court, to "aggravated sexual assault, child under 14, a 1st degree felony as charged in the indictment." In July of 1991, the state court entered an Order "deferring further proceedings without an adjudication of guilt," and placed Petitioner on probation for 6 years. On September 5, 1997, the state court entered an Order dismissing the Indictment and discharging Petitioner from probation, concluding that the "ends of justice" had been served.[1]

---

[1] Petitioner later filed a habeas action in Texas state court which attacked his *nolo contendre* plea and requested that "any finding of guilt" be discharged. (Docket entry #12.) On July 31, 2006,

On March 30, 2005, the United States District Court for the Eastern District of Texas sentenced Petitioner to 48 months in the United States Bureau of Prisons ("BOP") for conspiracy to possess methamphetamine with intent to deliver. (Docket entry #1 at 3.) BOP determined that Petitioner qualified for the Residential Drug Abuse Program ("RDAP"), but denied Petitioner early-release eligibility despite his completion of the program. While BOP determined that Petitioner met the RDAP admission criteria, it found that he did not qualify for early release pursuant to 18 U.S.C. § 3621(e) "due to a prior conviction." (Docket entry #5, Ex. 2-A.) Petitioner then pursued administrative appeals which were ultimately rejected based on the 1991 "deferred adjudication" in Texas state court, which was deemed to be a "conviction" precluding a sentence reduction. (Docket entry #1 at 4.)

Petitioner, who is currently incarcerated at FCI Forrest City, argues in this habeas action that BOP's use of the Texas deferred adjudication: (1) exceeded BOP's authority under 18 U.S.C. § 3621(e); (2) denied him Due Process and Equal Protection; and (3) violated BOP policy and the Privacy Act. Respondent has filed a Response, to which Petitioner has filed a Reply (Docket antry #11) and an Amended Reply. (Docket entry #12.) For the reasons set forth below, the Court concludes that the Petition should be denied, and that the case should be dismissed, with prejudice.

## II. Discussion

Pursuant to 18 U.S.C. § 3621(e)(2)(B), "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [residential substance abuse] treatment

---

the Court entered an Order dismissing the state habeas Petition as moot, because the proceedings in his state case had been deferred without an adjudication of guilt, and the indictment had been dismissed in the September 5, 1997 Order. (Docket entry #12.)

program may be reduced by [the BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve." BOP regulations and policy further provide that "[a]s an exercise of the discretion vested in the Director of the [BOP]," certain categories of inmates are not eligible for early release, including "[i]nmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, aggravated assault, or child sexual abuse offenses[.]" 28 C.F.R. 550.58(a)(1)(iv) and BOP Program Statement 5330.10, Chapter 6, Page 1. There is no dispute that the Texas deferred adjudication concerned a *nolo contendre* plea to aggravated sexual assault on a child, a felony. However, Petitioner argues that, because this was a deferred adjudication, it cannot properly be considered a "conviction."

Under Texas state law, a "[d]eferred adjudication is a type of community supervision (*nee* probation)." *Davis v. State*, 968 S.W.2d 368, 369 (Tex. Crim. App. 1998). Pursuant to procedures outlined in Texas Code of Criminal Procedure Article 42.12, Section 5, "a defendant reaps the main benefit of deferred adjudication if the period of community supervision is successfully completed without the judge's proceeding to adjudicate guilt. Then the proceedings are dismissed, the defendant is discharged, and the defendant 'may not be deemed [to have] a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense.'" *Id.* at 369-70 (internal citation omitted). Despite a discharge after deferred adjudication, "the fact that a defendant has previously received community supervision with a deferred adjudication of guilt is admissible 'on the issue of penalty' if a defendant is convicted of a subsequent offense." *Id.* at 370 (citing Tex. Art. 42.12, Sec. 5(c)(1)).

Federal courts have evaluated the effect of the Texas "deferred adjudication" in a number of different contexts. For example, in *United States v. Hamilton*, 48 F.3d 149 (5th Cir.1995), the Court

4

held that a deferred adjudication was not an admissible "conviction" for impeachment purposes under Rule 609 of the Federal Rules of Evidence. In reaching this conclusion, the Court noted that the "few Fifth Circuit cases touching on this issue have indicated that when adjudication of guilt is deferred, there is no 'conviction.'" *Hamilton*, 48 F.3d at 153 (citing *United States v. Georgalis*, 631 F.2d 1199, 1203 (5th Cir.1980) (holding that Rule 609 was violated when prosecutor attempted to cross-examine defendant about his deferred adjudication for felony check fraud); *United States v. Dotson*, 555 F.2d 134, 135 (5th Cir.1977) (holding that defendant truthfully stated on firearm purchase form that he had no felony convictions, given the fact that adjudication of guilt was deferred and sentence suspended on his prior offense of felony receipt of a stolen car); *Martinez-Montoya v. I.N.S.*, 904 F.2d 1018 (5th Cir.1990) (holding that petitioner's prior guilty plea and deferred adjudication for forgery did not amount to a "conviction" within the meaning of the Immigration Reform and Control Act, 8 U.S.C. § 1255a)).

However, in *United States v. Stauder*, 73 F.3d 56 (5th Cir.1996), the Court discounted its reasoning the previous year in *Hamilton* and held that the deferred adjudication could be used to calculate a defendant's base offense level under the United States Sentencing Guidelines:

> The commentary to § 2K2.1 refers to application note 3 to § 4B1.2 for the definition of "prior felony conviction(s)". U.S.S.G. § 2K2.1, comment. (n.5). That note defines a "prior felony conviction" as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed". U.S.S.G. § 4B1.2, comment. (n.3).
>
> The commentary to § 2K2.1 provides also that, "[f]or purposes of determining the number of . . . convictions under [§ 2K2.1(a)(4)(A) ], count any such prior conviction that receives any points under § 4A1.1 (Criminal History Category)". U.S.S.G. § 2K2.1(a)(4)(A), comment. (n.5) (emphasis added). The definitions and instructions for computing criminal history state that "[a] diversionary disposition resulting from a finding or admission of guilt . . . is counted as a sentence under § 4A1.1(c) even if

> a conviction is not formally entered...." U.S.S.G. § 4A1.2(f) (emphasis added).
>
> Accordingly, as [appellant] acknowledges, the Guidelines provide that deferred adjudications resulting from a finding or admission of guilt are to be considered in computing the criminal history category. And, § 2K2.1 provides that any prior "conviction" that receives points for purposes of determining the criminal history category is to be considered in determining the number of prior felony convictions for calculating the base offense level under § 2K2.1. Although § 2K2.1 uses the term "conviction," it refers specifically to the criminal history provisions, which, as stated, include deferred adjudications such as [appellant's] in calculating a defendant's criminal history score.

*Stauder*, 73 F.3d at 57. *See also United States v. Valdez-Valdez*, 143 F.3d 196, 202-03 (Texas deferred adjudication can be counted as a "conviction for a felony" under USSG § 2L1.2(b)(1) despite the guideline not expressly directing the sentencing court to consider prior adjudication).

These Fifth Circuit decisions were recently discussed by United States District Judge Susan Webber Wright in resolving a habeas claim virtually identical to the one presented in this case. *Estrada v. Sanders*, 2006 WL 3446179 (E.D. Ark. 2006). In *Estrada,* the BOP denied a prisoner early release eligibility (despite completion of RDAP) due to a Texas deferred adjudication resulting from a felony *nolo contendre* plea. Judge Wright acknowledged that, while the question was not "open-and-shut," the BOP properly considered the deferred adjudication as a "conviction" for purposes of 28 C.F.R. 550.58 and BOP Program Statement 5330.10. In reaching this conclusion, the Court emphasized the distinction between using a deferred adjudication as a conviction for purposes of making correctional decisions, and using such an adjudication for other purposes:

> The distinction between the line of cases appears to lie in whether consideration of the finding of deferred adjudication is necessary in making correctional decisions. Consideration of a finding of deferred adjudication is not necessary in determining when a limitations period commences nor is it necessary in gauging the truthfulness of a witness. Consideration of a finding of deferred adjudication, though, is necessary in formulating a fair and just period of incarceration.

>Are the facts of this proceeding more like the former or latter line of cases? The undersigned is convinced that the facts of this proceeding are more like the latter line of cases, that is, consideration of a finding of deferred adjudication is necessary in making a correctional decision, specifically, in formulating a fair and just period of incarceration. The BOP should be entitled to consider a finding of deferred adjudication in determining who should, and who should not, be eligible for early release consideration. The BOP considers a finding of deferred adjudication in making inmate custody classifications, *see* BOP Program Statement 5100.08, and this proceeding presents a somewhat similar situation, *i.e.*, what factors the BOP may consider in identifying a class of inmates for participation in, and benefitting from, BOP programs.
>
>The foregoing finding is consistent with a number of clear teachings. First, "[a]fter a district court sentences a federal offender, the Attorney General, through [the] BOP, has the responsibility for administering the sentence." *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Second, [w]hen an eligible [inmate] successfully completes drug treatment, the [BOP] . . . has the authority, *but not the duty*, both to alter the [inmate's] conditions of confinement and to reduce his term of imprisonment." *See* Lopez v. Davis, 531 U.S. 230, 241 (2001). [Emphasis added]. Last, as the foregoing reflects, the BOP has "substantial discretion in determining who is eligible for early release upon completion of the drug treatment program and how early the release should be." *See United States v. Lopez-Salas*, 266 F.3d 842, 847 (8th Cir.2001).
>
>On the basis of the foregoing, the undersigned is convinced that the BOP could properly construe the Hidalgo County, Texas, proceeding as involving a "conviction" for purposes of 28 C.F.R. 550.58 and BOP Program Statement 5330.10. Given that construction, the BOP could properly conclude that Estrada was ineligible for early release consideration.

*Estrada*, 2006 WL 3446179, at *11.[2] After carefully considering the weight of the authority on this issue, the Court concludes that Judge Wright's decision in *Estrada* is well-reasoned and adopts its rationale. As Judge Wright held in *Estrada*, use of the deferred adjudication as a "conviction," for purposes of 28 C.F.R. 550.58 and BOP Program Statement 5330.10, is consistent with the discretion afforded BOP in formulating a fair and just period of incarceration.

---

[2]The Court's decision in *Estrada* was appealed and is currently pending before the Eighth Circuit Court of Appeals, *Estrada v. United States*, 8th Cir. No. 07-1120.

7

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for Habeas Corpus under 28 U.S.C. § 2241 (docket entry #1) be DENIED, and the case DISMISSED, WITH PREJUDICE.

Dated this 3rd day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE